CONLEY *v.* STATE OF INDIANA.

[No. 0-754. Filed April 7, 1965.]

*Chester Conley, pro se.*

*John J. Dillon,* Attorney General, for respondent.

ARTERBURN, C. J.—Chester Conley has filed a petition for a writ of certiorari pro se. The petition is patently without merit. It states that on September 16, 1958 the defendant was charged with issuing a fraudulent check and on that date entered a plea of guilty thereto and was sentenced for an indeterminate term of one to ten years at the Indiana State Prison.

Rule 2-40 requires that upon the filing of a belated motion for a new trial in the trial court (upon which

this petition for writ of certiorari is based) there must be a showing of diligence on the part of the petitioner, specifically alleging when the cause for belated motion was "first discovered, how it was discovered, the facts showing the cause, and why such cause could not have been discovered before by the exercise of due diligence." There is no showing in this case for the unusual delay.

The petition further alleges:

"The defendant was duly advised of this right to counselor which he, himself waived and elected to be his own attorney, being a layman, the defendant was therefore given inadequate representation in the form of himself, the Indiana Constitution, Article 1, Section 13; U. S. Constitution, Amendment 14, guarantees the right of everyone to adequate representation in court. It was the Court's duty to protect the defendant's rights."

Our passing comment is that the court may not act as defendant's counsel and has no duty to so act, particularly in view of defendant's own choice to plead guilty after being advised he could have counsel.

We find no meritorious grounds for the granting of any writ of certiorari in this case. The writ of certiorari is denied and the petition dismissed.

Jackson, Myers and Landis, JJ., concur.

Achor, J., not participating.

NOTE.—Reported in 205 N. E. 2d 674.